**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1999**

---

LESLEY MASON,

  Plaintiff – Appellant,

  v.

TOMMY R. BURNS, II, in his individual capacity; EUGENE FOXWORTH, in his individual capacity,

  Defendants – Appellees,

  and

CARTERET COUNTY, NORTH CAROLINA,

  Defendant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, U.S. District Court Judge.  (4:22-cv-00130-FL)

---

Submitted:  December 20, 2024                    Decided:  April 8, 2025

---

Before THACKER and HARRIS, Circuit Judges, and Elizabeth W. HANES, United States District Judge for the Eastern District of Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Wm. Joseph Austin, Jr., NARRON WENZEL, PA, Raleigh, North Carolina, for Appellant.  Mary C. Adams, WOMBLE BOND DICKINSON (US) LLP, Winston-

2

Salem, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The plaintiff in this case, Lesley Mason, is the former Library Director for Carteret County, North Carolina. After she was fired from her job, she sued Carteret County Manager Tommy Burns and Assistant Manager Eugene Foxworth in their individual capacities under 42 U.S.C. § 1983. According to Mason, the defendants violated her constitutional rights by terminating her public employment without procedural due process, infringing on property and liberty interests protected by the Fourteenth Amendment.

The district court dismissed Mason's due process claim. *Mason v. Carteret Cnty.*, No. 4:22-cv-130, 2023 WL 5515729 (E.D.N.C. Aug. 25, 2023). Mason's claim that the defendants deprived her of a protected property interest, the court held, was barred by qualified immunity. *Id.* at *4. Nor, the court concluded, had Mason alleged a deprivation of any liberty interest recognized under the Fourteenth Amendment. *Id.* at *5. We review that decision de novo, *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020), and we affirm.[1]

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). It follows, as the district court explained, that the threshold inquiry in this procedural due process case is

---

[1] Mason also raised two state-law claims against the individual defendants and Carteret County. After dismissing Mason's federal due process claim, the district court declined to exercise supplemental jurisdiction over her state-law claims. *Mason*, 2023 WL 5515729, at *5. Mason does not separately challenge that decision on appeal.

3

whether Mason has alleged a deprivation of some property or liberty interest protected by the Fourteenth Amendment. *Mason*, 2023 WL 5515729, at *2 (citing *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 146 (4th Cir. 2009)).

Mason asserts, first, a protected property interest in her continued public employment. A cognizable property interest in employment "can be created by statute, ordinance, or express or implied contract," and its existence is determined "by reference to state law." *Pittman v. Wilson Cnty.*, 839 F.2d 225, 227 (4th Cir. 1988) (internal citation omitted). Because North Carolina is an at-will employment state, Mason can have a property interest in continued employment only if some statute, ordinance or contract restricts what otherwise would be the government's plenary authority to discharge her. *Id.*

Mason relies primarily on a County personnel policy, arguing that it should be treated as an "ordinance" requiring the County Manager to follow specific procedures before he can dismiss an employee. As the district court observed, however, it is not clear that the personnel policy was passed as an ordinance or otherwise has the force of law. *Mason*, 2023 WL 5515729, at *3–4. Moreover, the policy includes language in tension with Mason's reading, reaffirming that the County is an "at-will" employer and that its "personnel policies do not constitute a guarantee or contract of employment." *Id*. at *3. Under these circumstances, as the district court held, the defendants are entitled to qualified immunity because it would not have been clear to a reasonable official that the personnel policy created a protected property interest in continued employment with the County. *Id.* at *4 (citing *Attkisson v. Holder*, 925 F.3d 606, 623 (4th Cir. 2019)). The same goes for Mason's alternative argument that her job was protected by an "implied contract" formed

4

when the County Manager promised in an email to "support and defend her": A reasonable official need not have understood this nice but vague sentiment, offered for no consideration, as a binding contract giving rise to a property interest in continued employment.

Second, Mason asserts a protected liberty interest in her reputation, which she claims was sullied by the defendants' false statements about her termination. But as the district court explained, only communications implying "'serious character defects such as dishonesty or immorality'" can give rise to a protected liberty claim; assertions of "simple incompetence" are not enough. *Id.* at *5 (quoting *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 308 (4th Cir. 2006)). And here, Mason points only to her notice of termination, allegedly a public document, which says she was dismissed for "inefficiency, negligence, or incompetence in the performance of duties." J.A. 43. Because Mason alleges only false assertions of incompetence – not dishonesty, immorality, or the like – we agree with the district court that she has failed to state a claim for deprivation of any protected liberty interest. *Mason*, 2023 WL 5515729, at *5.

Having carefully assessed the record and the parties' briefs, we are satisfied that the district court did not err in dismissing Mason's complaint. We therefore affirm the judgment of the district court.

*AFFIRMED*

5